# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
## Case No: 1:16-CV-00035

| | |
|---|---|
| THOMAS R. KING and PATRICIA KING GERLEIT,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A., Trustee of the Harry H. Straus Trust fbo Louise Straus King,<br><br>Defendant. | **CONSENT CONFIDENTIALITY AND PROTECTIVE ORDER** |

THIS CAUSE was heard by the Court on the joint motion of Plaintiffs and Defendant for entry of a Consent Confidentiality and Protective Order. Plaintiffs and Defendant agreed to entry of this Consent Confidentiality and Protective Order governing the production and exchange of documents produced, given, or exchanged by and among the parties through the course of the above-captioned litigation pursuant to Fed. R. Civ. P. 26(c). Accordingly, it is hereby ordered that the following terms shall apply:

1. Trade secrets, financial information, and other proprietary or confidential commercial information, non-public financial information concerning the parties, including but not limited to non-public business and/or trade information or pricing, medical records, psychiatric records, counseling records, written policies and procedures, committee materials, tax returns or other documents which include including Social Security and Tax ID numbers, non-public investigative or complaint files, that are produced or revealed at any time during and as a result of this lawsuit, shall be considered "CONFIDENTIAL MATERIAL" hereunder, if so designated, in the manner described herein, by the producing party in the good faith belief that such information

falls within the scope of information that may be protected under Rule 26(c) of the North Carolina Rules of Civil Procedure.

2. Information that may be designated "CONFIDENTIAL MATERIAL" includes all manner and form by which information is recorded or reproduced, including by way of illustration, and not by way of limitation, the following items: electronically stored information; computer files; computer printouts; computer data and summaries; e-mails; photographs; videotapes; audiotapes; films; digital recordings; CDs; notes; correspondence; letters; and written or recorded communications of any nature.

3. All depositions shall be treated as confidential for a period of at least thirty (30) days after a full and complete transcript of said deposition is available. Thereafter, depositions and deposition exhibits shall not automatically be deemed CONFIDENTIAL MATERIAL. However, any party may designate portions of the deposition testimony and/or deposition exhibits as "CONFIDENTIAL MATERIAL" either verbally, on the record, at the time of taking the deposition or by communicating such designation in writing to the opposing party within 30 days after receipt of the deposition transcript.

4. Privilege Logs shall not be CONFIDENTIAL MATERIAL.

5. All CONFIDENTIAL MATERIAL disclosed in discovery of this action shall be used solely for purposes of prosecuting or defending this litigation, including any appeals therefrom, and shall not be used without the permission of the disclosing party for any other purpose except as permitted by this Order or by the Court.

6. Information may be designated as containing CONFIDENTIAL MATERIAL by stamping it "CONFIDENTIAL" or any other reasonable means which places the other party on notice that it is considered CONFIDENTIAL.

7. All documents designated "CONFIDENTIAL" shall be maintained in confidence by the person or entity to which such documents are produced or given, and shall not be disclosed to any person, without prior court approval, except:

    (a) The Court (including court reporters, stenographic reporters, videographers, and court personnel);

    (b) The attorneys of record for any party, and the legal associates, clerical, or other support staff of such counsel assisting in the litigation of this action;

    (c) Any other person as to whom the producing party making the "CONFIDENTIAL" designation agrees in writing before disclosure to the other Person;

    (d) Any party to this litigation, including employees thereof;

    (e) Any witness or prospective witness, including, without limitation, expert witnesses, to the extent that CONFIDENTIAL MATERIAL to be reviewed by the witnesses is or may be relevant to testimony to be provided by the witness.

    (f) Any expert consultant used by counsel for a party to assist in preparation or trial of this case; and

    (g) Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper.

Any person reviewing CONFDENTIAL MATERIAL pursuant to (c) – (g), shall be provided with a copy of this Confidentiality and Protective Order and instructed that they are reviewing the information subject thereto.

8. All documents designated by a producing party as "CONFIDENTIAL" shall be

stored and maintained at the offices of attorneys of record or in their custody and control, except that copies thereof may be provided to persons permitted to review such documents pursuant to paragraph 7 hereof.

9. The restrictions set forth in the preceding paragraphs shall not apply to information which: (a) is or becomes public knowledge, in a manner not involving a violation of this Order; (b) is acquired by the non-designating party from a third party lawfully in possession of such information and having no obligation to the owner thereof, or (c) was in the lawful possession of the non-designating party who has no obligation to the owner thereof of any party.

10. In the event that a party disputes the propriety of the designation of any material or information as CONFIDENTIAL, the challenging party will meet and confer in good faith with the producing party in an attempt to resolve the issue. If the parties are unable to resolve the issue, the challenging party may seek a telephonic conference with the Court, and if that does not resolve the issue, thereafter file a motion with the Court requesting a ruling regarding whether the material or information should be treated as CONFIDENTIAL for purposes of this Order. No party shall be obligated to challenge the propriety of any designation of information as CONFIDENTIAL, and a failure to do so shall not preclude a subsequent attack on the propriety of such designation. In the event of such a dispute, the challenging party must respect the confidentiality designation until the Court adjudicates any motion filed pursuant this paragraph.

11. The production or disclosure of CONFIDENTIAL MATERIAL pursuant to the terms of this Order by the producing party shall not be construed as prohibiting the use of CONFIDENTIAL MATERIAL during depositions, any hearing, the trial of this matter, or any appellate proceeding. Notwithstanding the foregoing, any party that desires to reference, disclose or show copies of the opposing party's CONFIDENTIAL MATERIAL at any hearing open to the

public shall give ten (10) days advanced notice to the producing party. The producing party may choose whether to object to the public disclosure of said CONFIDENTIAL MATERIAL. In addition, the parties may seek further protection from the Court regarding the use of CONFIDENTIAL MATERIAL at trial.

12. No party shall be deemed to have waived any objections as to the authenticity, relevancy, admissibility, discoverability and/or any other objection under the Federal Rules of Civil Procedure or the Federal Rules of Evidence in connection with any proceeding in this action.

13. CONFIDENTIAL MATERIAL, whether attached to or incorporated in pleadings or other papers, may not be filed with the Court except under seal.

14. The terms and conditions of this Order shall apply in full and without limitation to any person or entity that is not a named party in this litigation who produces documents or things in response to any request, demand, or subpoena related to this litigation ("Producing Nonparty"). Upon request, any such Producing Nonparty shall be provided with a copy of this Protective Order within a reasonable period. In addition, any party may designate information disclosed by a Producing Nonparty as CONFIDENTIAL MATERIAL by notifying all parties in writing, within thirty (30) days of receipt of the information or other time period stipulated by the parties, of the specific documents that are confidential. Each party shall appropriately mark copies of such documents and/or information in its possession, custody, or control. All documents produced by a Producing Nonparty shall be treated as CONFIDENTIAL for a period of at least thirty (30) days after production.

15. The inadvertent, unintentional or *in camera* disclosure of CONFIDENTIAL MATERIAL shall not, under any circumstances, be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

16. Each person who receives CONFIDENTIAL MATERIAL submits himself or herself to the personal jurisdiction of this Court, wherever he or she shall be, for the enforcement of the provisions contained in this Order.

17. Either party may at any time seek modification of this Confidentiality and Protective Order by agreement, or failing agreement, by motion to the court.

18. Within thirty (30) days after the final termination of this action, including all related appeals, the producing party shall direct counsel for the receiving party as to whether CONFIDENTIAL MATERIAL, including copies thereof and any extracts, summaries, compilations, charts, or graphs taken therefrom, should be returned to the producing party or destroyed, with a certificate of destruction being provided to the producing party. All materials which in the good-faith judgment of counsel are work-product materials may be maintained by counsel, provided that the materials be maintained in a manner consistent with the terms of this Order.

19. After the termination of this case, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the protected documents for the enforcement of the provisions of this Order.

20. The Parties' Clawback Agreement governing the inadvertent disclosure of privileged material, which is set forth in Part III of the Certification and Report of Rule 26(f) Conference and Discovery Plan, [Doc. No. 8 at 8-10], is incorporated herein by reference and made part of this Order.

IT IS SO ORDERED BY THE COURT AND STIPULATED THROUGH COUNSEL OF RECORD.

Signed: May 18, 2016

Max O. Cogburn Jr.
United States District Judge

Seen and Agreed:

Dated: May 16, 2016.

| **FOR PLAINTIFFS:** | **FOR WELLS FARGO:** |
|---|---|
| */s/ Heather Whitaker Goldstein* | */s/ Debbie W. Harden* |
| Stephen J. Grabenstein | Debbie W. Harden |
| Heather Whitaker Goldstein | Jackson R. Price |
| THE VAN WINKLE LAW FIRM | WOMBLE CARLYLE SANDRIDGE & RICE, LLP |
| 11 N. Market St. | One Wells Fargo Center, Suite 3500 |
| P.O. Box 7376 | 301 South College Street |
| Asheville, NC 28802 | Charlotte, NC 28202 |
| Tel: (828) 258-2991 | Tel: (704) 331-4943 |
| E-mail: sgrabenstein@vwlawfirm.com | Fax: (704) 338-7813 |
| E-mail: hgoldstein@vwlawfirm.com | E-mail: dharden@wcsr.com |
| | E-mail: japrice@wcsr.com |